IN THE

# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1897, AND MAY TERM, 1898, IN THE EIGHTY-SECOND YEAR OF THE STATE.

---

MARSHALL *v.* SEAMEN ET AL.

[No. 18,271. Filed December 15, 1897. Rehearing denied March 9, 1898.]

APPEAL.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*— The record must affirmatively show that the longhand manuscript of evidence was filed in the clerk's office before it was incorporated in the bill of exceptions.

From the Marion Superior Court. *Affirmed.*

*Robert E. Smith, B. K. Elliott* and *W. F. Elliott,* for appellant.

*John M. Bailey, E. H. Parker* and *W. H. Ogborn,* for appellees.

HOWARD, C. J.—The record in this case is in a most unsatisfactory condition. The briefs of counsel relate almost exclusively to questions arising under the court's action in overruling the motion for a new trial. A proper disposition of those questions would require a consideration of the evidence, which, however, does not seem to be in the record. The bill of exceptions purporting to embody the longhand manuscript of the

evidence was filed May 23, 1896. The longhand manuscript itself was also filed on that day, but whether before or after its incorporation into the bill of exceptions does not appear. Besides, the bill of exceptions does not follow the entry showing the date of its filing; but the entry is followed by the following memorandum, intended, probably, to direct attention to where the bill may be found: "(Memo. See entry of March 26, 1896, for this longhand manuscript.)" Even if we might conjecture that by "this longhand manuscript" was meant the bill of exceptions; and even if we passed over the rule which requires that reference to the record should be made by page and line; still that would not help matters, for we have been unable to find any entry of March 26, 1896. We do find an entry of May 26, 1896; but that entry refers to the filing of a "supplemental bill of exceptions." These are a few instances of many acts of carelessness in making up what is called a transcript of the record.

In the statement of facts in appellant's brief is the following: "John J. Marshall loaned to Mary E. Seaman and Joseph Seaman $200.00 in money, taking two promissory notes for $110.00 each, one payable in ninety days from date and one payable in one hundred and eighty days from date, with five per cent. attorney's fees on each note, and interest at eight per cent. per annum after maturity. The money was paid to them on the 30th day of April, 1895, and the notes were dated the same day; and to secure the payment of the same notes Seamen and Seamen executed a chattel mortgage on a stock of groceries and fixtures and butcher's outfit all complete, also one horse and wagon and phaeton and harness, the whole valued at $700.00, and of the value of $700.00." The notes seem to have been well secured. The ten dollars in each note over the money loaned was evidently interest in

Marshall *v.* Seamen *et al.*

advance; if, indeed, a charge of ten dollars for the use of one hundred dollars for 90 or 180 days can be called interest.

Suit to collect the notes and foreclose the mortgage was brought July 29, 1895; and on the same date attachment proceedings were instituted under which the mortgaged goods seem to have been taken and sold. Afterwards, however, it was apparently discovered that the notes being commercial paper, there was nothing yet due, even on the first note, at the time the suit was brought. Instead of filing a plea in abatement, a demurrer was for this or some other reason filed and sustained to the complaint, and leave was granted to file an amended complaint. It seems therefore to be conceded that the attachment proceedings were invalid, as being based upon an action prematurely brought.

It appears also that the original defendants, Seamen and Seaman, who had given the notes and mortgage, had, before the commencement of the action against them, sold to their codefendants, the appellees Frazier and McIntosh, all the property in controversy, subject to the mortgage. Frazier & McIntosh first demurred to and then answered the amended complaint; but Seamen and Seamen, without pleading to this complaint, and without objection by appellant, withdrew their appearance before judgment. Afterwards judgment was rendered against appellant for costs.

Neither the record nor the briefs show upon what grounds the judgment was based; but in the condition in which the pleadings and the transcript are found we are unable to do otherwise than affirm the judgment. Judgment affirmed.